UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NEWTON INACIO DA SILVA,

Petitioner,

v.

WARDEN,

Respondent.

Case No.:  26-cv-287-RSH-KSC

**ORDER DISMISSING PETITION**

On January 16, 2026, petitioner Newton Inacio da Silva filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also*

1

Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

The Petition here suffers from defects. Petitioner has not identified a respondent in the Petition, leaving the case caption entirely blank. The Petition seeks to expedite Petitioner's removal or voluntary departure, which is beyond the scope of relief available on a habeas petition. The Petition also does not reflect that Petitioner's detention has been unlawfully prolonged. He was arrested on October 5, 2025 in connection with an arrest for alien smuggling; was held as a material witness, with counsel appointed for him and bond set by a U.S. Magistrate Judge, *see* Case Nos. 25-mj-5442-SBC, 25-cr-4220-CAB; and was thereafter ordered removed on November 27, 2025, fewer than two months ago, which removal Petitioner does not appear to have challenged. *See* 8 U.S.C. § 1231(a)(1) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days …."); *id.* § 1231(a)(1)(B) ("The removal period begins on the latest of the following … (i) The date the order of removal becomes administratively final."); *id.* § 1231(a)(2)(A) ("During the removal period., the Attorney General shall detain the alien."). It plainly appears from the Petition that Petitioner is not entitled to the relief he seeks, or to release at this time.

Accordingly, the Petition is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: January 22, 2026

_Robert S Huie_
Hon. Robert S. Huie
United States District Judge

2